UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DORIS THORNTON**, | ) Case No.: 17-319 |
| Plaintiff, | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| **BLUESTEM BRANDS INC. D/B/A FINGERHUT**, | ) |
| Defendant. | ) |

# COMPLAINT

DORIS THORNTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Alabama, thus, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Selma, Alabama 36703.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or about July 2015 and continuing through in or around ~~January 2017~~August 2015, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

13. Defendant's calls originated from numbers including, but not limited to the following: (800) 503-2370 and (844) 240-9758. The undersigned has

confirmed that these phone numbers belong to the Defendant.

14. When contacting Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automated telephone dialing system, automated message and/or prerecorded voice, because she would regularly be greeted with a recording before speaking to Defendant's representatives.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling her in or around July 2015.

18. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

19. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

20. Plaintiff repeated her request for calls to stop thereafter, but Defendant continued to ignore Plaintiff's requests and called her through ~~January 2017~~August 2015.

21. It was frustrating, annoying and distressing for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone, especially since Defendant's calls would interrupt her while at work or would be placed to her at inconvenient hours.

22. After Defendant ignored Plaintiff's multiple requests and continued to call her, Plaintiff downloaded a blocking application to her cellular telephone to ultimately stop Defendant's harassing calls.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DORIS THORNTON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DORIS THORNTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: ~~June 9~~July 11, 2017         By: /s/ Joseph C. Hoeffel

Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: jhoeffel@creditlaw.com

PLAINTIFF'S COMPLAINT